FIELDS, Plaintiff-Appellant, v. McEVOY et,
Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

No. 4085.  Decided April 19, 1960.

Mr. Marvin Traxler, for plaintiff-appellant.
Mr. S. S. Fekett, law director, and Mr. John J. Leskovan-
y, assistant law director, for defendant-appellee.

For further history see Omnibus Index in bound
lume.

PHILLIPS, J.  Plaintiff appeals on questions of law from a
dgment of the court of common pleas dismissing his petition
r a writ of mandamus to compel the Trustees of Youngstown
lice Relief and Pension Fund to award him a pension for
rmanent total disability as provided by Section 741.49 (B),
vised Code.

Plaintiff is forty-six years of age and the head of a family.
e has been a member of the Youngstown Police Department
ce December 20, 1937, holding the rank of sergeant and com-
ising a period of twenty-one years of continuous service.
aintiff's duties consisted of patroling the downtown section
the city in a cruiser car, accompanied by two patrolmen as-

354

signed to him for such purpose, in a Cadillac sedan armed wi
a machine gun, a tear-gas gun, and several riot guns. T
cruiser was also used to check patrolmen walking their bea
downtown.

On May 1, 1949, plaintiff was sitting in the cruiser duri
a rain while on patroling duty. The vehicle was parked wi
its lights on under a street light. A car proceeding from t
rear of the cruiser at a speed of fifty miles per hour ramm
into the rear of the cruiser and knocked it about thirty fe
The impact was so violent that it tore off the emergency brak
and a seat from the floor, causing the seat and patrolman M
Guire, who sat in the back to be thrown on him, knocking hi
against the dashboard.

At page 14 of the record plaintiff stated:—

"I was hit so hard I flew up against the dash and then
knocked me down underneath the seat after the seat was to
loose from the floor."

Plaintiff had three admissions to Youngstown Hospitals
the years 1951 and 1956, and since the injury has suffered fro
various complications and undergone several operations.
rays taken at Youngstown Hospital on February 2, 1956, show
diaphragmatic hernia which his attending physicians attribut
to the automobile accident in 1949. Plaintiff's attending phy
cians found him permanently and totally disabled from p
forming his duties as a member of the Police Department.

The Police Pension Board awarded him a limited pensi
of $181.33 per month under the provisions of Section 741.49 (I
Revised Code. Plaintiff claims he should receive a pensi
of $295.49 under Section 741.49 (B), Revised Code, as a perm
nent total disability.

Plaintiff states the board contends claimant's present d
ability did not result from the automobile accident in 194
Plaintiff contends that the preponderance of medical eviden
shows a causal relationship of the diaphragmatic hernia to t
injury in 1949 in the course of employment. Plaintiff furth
contends that the board's denial of benefits as provided by S
tion 741.49 (B) was a gross abuse of discretion on the pa
of the Pension Board, and is contrary to law.

Plaintiff charges error as follows:—

"1. The findings of the Pension Board are against t

anifest weight of the evidence and not supported by any bjective medical evidence.

"2. Gross abuse of discretion on the part of said Pension oard in refusing to award appellant the disability benefits as rovided by Section 731.49 (B), Revised Code.

"3. Error of the trial court in finding no abuse of discreon on the part of said Pension Board.

"4. The judgment of the trial court is contrary to law."

Plaintiff further contends that the Pension Board abused s discretion in denying claimant the benefits as a permanent tal disability under Section 741.49 (B), Revised Code, warnted by the evidence; and that the judgment of the trial court ould be reversed and a writ of mandamus issued directing e board to pay claimant the disability benefits as provided y said section.

Defendant contends the issues present the following quesons:—

1. Is plaintiff entitled to a pension based on total permanent isability, which plaintiff contends resulted from injuries susined during the performance of his duty?

2. Did the Pension board act within its discretion when it und that the total permanent disability was not the result of juries sustained by plaintiff during the performance of his uty?

There is no necessity to discuss the assignments of error parately.

On April 17, 1958, plaintiff submitted to the Chief of Police s resignation from the Police Department. On April 30, 1958, e last day plaintiff was employed as a policeman, he applied r a pension. Plaintiff was injured on May 1, 1949. A period f nine years passed between the date of injury and the date resignation from the Police Department. Plaintiff had been orking regularly during this nine year period.

Plaintiff's retirement became effective May 1, 1958. To tain full pension disability benefits plaintiff must prove to e Pension Board that the hernia on May 1, 1958, resulted from juries sustained May 1, 1949.

It appears from all the medical history that plaintiff's rnia was not observed until almost seven years after plainff was injured.

Did the members of the Pension Board act according to the
discretion, or did they abuse their discretion?

1 Ohio Jurisprudence (2nd), Section 186, pages 577 an
578, comments on "abuse of discretion" as follows:—

"Discretion may be said to be abused where the action con
plained of has been arbitrary or capricious or based on pe
sonal, selfish, or fraudulent motives, or on false information
under total lack of authority to act, where it amounts to evasio
of a positive duty, or there has been a refusal to consider pe
tinent evidence or to hear the parties when so required, * * *

"The term 'abuse of discretion' connotes more than a
error of law or of judgment; it implies an unreasonable, arb
trary, or unconscionable attitude. * *. *."

Section 188, Page 580, states:—

"* * * The general rule is that administrative orders an
findings will not be disturbed unless they are against the man
fest weight of the evidence or not supported by any substanti
evidence, even though the court should conclude that it wa
against the greater weight of the evidence."

Section 189, page 582, states:—

"The question is not whether the court would have mad
a different order under the evidence but whether the Commi
sion was free from an abuse of discretion and whether the ord
of the Commission is unlawful or unreasonable."

The trial court in its opinion said:—

"There are two issues. The first is whether relator
permanently and totally disabled. On this the evidence disclos
relator is disabled totally and permanently as a police officer.

"The second issue is whether his disability was a resu
of the performance of his official duties. On this there is
conflict of evidence though the weight of the evidence seems
favor relator's contention.

"Mandamus, however, does not lie to control the discretio
given by law to an administrative board, unless the court find
an abuse of discretion in that the board's decision was arb
trary. * * *."

The trial court found that the trustees of the Youngstow
Police Relief and Pension fund acting as an administrativ
board did not abuse their discretion nor act in an arbitra

anner, and for that reason denied and dismissed the petition relator's costs.

We are not convinced that the hernia which was observed n February 2, 1956, was caused by the injury sustained on ay 1, 1949.

We are unable to conclude that relator presents a case rough which this court would be warranted in issuing the xtraordinary writ of mandamus.

A determination by the Trustees of the Youngstown Police elief and Pension Fund that a claimant is not entitled to a ension under the rules, in the absence of a showing of bad ith or abuse of discretion, is not reviewable and can not be ntrolled by mandamus. See *State, ex rel. Little,* v. *Selby,* Ohio Law Reporter, 410.

We are unable to determine that relator presents evidence which a court would be warranted in issuing the extra-rdinary writ of mandamus, and therefore the judgment of the urt of common pleas must be affirmed.

GRIFFITH, P. J., and DONAHUE, J., concur.